IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50445
Summary Calendar

_____

RHONDA FLEMING,

Plaintiff-Appellant,

versus

RATLIFF, Officer, ET AL.,

Defendants-Appellees.

----------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-405
----------------------
October 13, 1998

Before   JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, Texas prisoner #598829, seeks to proceed in forma pauperis (IFP) in the appeal of the dismissal of her civil rights complaint for failure to state a claim under § 28 U.S.C. 1915(e)(2)(b)(ii). By moving for IFP, Fleming is challenging the district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Fleming's complaint alleged that her hands were twisted so forcefully that she continued to suffer from pain in her wrists

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

over 7½ months after the incident.  Her allegations, if true, raise a valid excessive-force claim under the Eighth Amendment. Thus, the district court erred in dismissing Fleming's complaint for failure to state a claim under § 28 U.S.C. 1915(e)(2)(b)(ii), on the ground that her physical injuries were <u>de</u> <u>minimis</u>.

"[I]n reversing the trial court in cases where the merits are so intertwined with the certification decision as to constitute the same issue, the prior expedient practice of determining the merits of the appeal as well as the appropriateness of IFP status will remain an available appellate disposition."  <u>Baugh</u>, 117 F.3d at 202.  Accordingly, Fleming's motion for IFP is GRANTED, the district court's judgment is VACATED, the district court's certification decision is VACATED, and the case is REMANDED to the district court for further proceedings, including in the court's discretion, a <u>Spears</u>[**] hearing or other appropriate factual development.

IFP GRANTED. JUDGMENT VACATED. CERTIFICATION VACATED. CASE REMANDED.

---

[**] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).